Selim ABBAD; James Adams; Dennis Aughavin; Kenneth H. Bass; Francis J. Bass; James E. Beene; John C. Belton; Antolin Blanco; Tracy Boyko; Nicholas Brummitt; Bent Budde; Bustelberg Effectenkantoor B.V.; Sarah M. Castor; Sandra Cesta; Nancy Chew–Wong; Billy Shawn Cobb; Andrew Coffee; Arsalan Darmel; Kamran Darmal; Peter John Davies; Steven J. Dedina; Bauer Dermal; Dennis F. Dorris; Kim M. Dorris; Bonnie Edwards; Thomas Edwards; Michael Fess; Sharon D. Finley; Harry S. Frank; Richard Goldsmith; Danny Gossett; Conor David Greene; Paul M. Groves; Keith A. Guilbeau; Michael Hagens; Farhad Haghighat; Lawrence D. Hart; Tracey E. Hart; Suzanne R. Hoover; Robert Horvath; Meng Huang; Robert W. Huckaby; Michael J. Huth; Pat C. Isabella; James Jones; Patrick M. Kain; Christine M. Kain; David E. Kaplan; Michael Kelly; Jacobus A. Kemp; Caroline M. Kubiak; John S. Kubiak, Jr.; Lothar Lehnardt; Tommy Lester; Jan Loeber; Albert C. Lorraine; Terry MacKenzie; Sean S. MacPherson; Kevin J. McKeon; Jeffrey Mancini; Ramesh Mani; Pieter Miejer; Greg Michalak; Peter Miller; Louise Minervino; Joseph Mogre; Robert Pierre Nieborg; Eric M. Olson; Per B. Petersen; Dickon Pownall–Gray; Ella Pownall–Gray; Saskia Pownall–Gray; Gwilliam Roger Price; Quantes.Com SC; Haleh Safavi; Kyan Safavi; Roknedin Safavi; Yauss Safavi; Henri L. Schouten; Mark E. Scott; John Scrivener; Top Sen; Stanford L. Shoaf; Claus Berg Steffensen; Garry J. Szyndlar; Fred C. Thompson; Chin–Che Tin; Chin–Khaun Teh Tin; Zahra Toosi; Ernesto Valdesolo; Scott J. Van Steyn; ADI Venkitaraman; Jean–Paul Vouiller; Darden Lee Wall, Jr.; Lois Wall; Wapping Holdings Ltd.; Arnold Weitzman; Edward S. West; Samuel Wong and John W.H. Woods, Plaintiffs–Appellants,

v.

Robert J. AMMAN; Duncan Lewis; Grier C. Raclin and Robert A. Schriesheim, Defendants–Appellees.

No. 03–9169.

United States Court of Appeals, Second Circuit.

Oct. 8, 2004.

Daniel J. Brooks (Schnader Harrison Segal & Lewis LLP, Timothy K. Lewis, Nancy Winkelman, on the brief), New York, NY, for Appellants.

Dennis P. Orr (Mayer, Brown, Rowe & Maw LLP, Joseph De Simone, Matthew D. Ingber, on the brief) New York, NY, for Appellees.

PRESENT: WALKER, Chief Judge, LEVAL, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

This is an appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*) dismissing plaintiffs-appellants' securities fraud complaint for failure to adequately plead scienter, as required by Fed.R.Civ.P. 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Plaintiffs are investors who bought stock in a now-bankrupt telecom company called Global TeleSystems, Inc. ("GTS") before it folded. They brought this suit against four former GTS executives, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) & 78t(a), and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5. Reviewing the district court's decision *de novo,* and accepting as true all facts alleged in the complaint, *see Kalnit v. Eichler,* 264 F.3d 131, 137–38 (2d Cir.2001), we affirm. Most of the pertinent facts are recited in the decision of the district court. *See Abbad v. Amman,* 285 F.Supp.2d 411 (S.D.N.Y.2003). Familiarity with the complaint and proceedings below is assumed.

This Circuit has long held that, in order to withstand dismissal on the pleadings, a complaint alleging securities fraud under

Section 10(b) and Rule 10b–5 must plead " 'facts that give rise to a strong inference of fraudulent intent.' " *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 267 (2d Cir.1996) (quoting *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir.1995)). That requirement was reinforced in 1995 by the PSLRA, which mandates that a complaint in a case like this "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). A plaintiff can satisfy this scienter requirement by either (1) alleging "facts to show that defendants had both motive and opportunity to commit fraud," *Rombach v. Chang*, 355 F.3d 164, 176 (2d Cir.2004) (internal quotation marks omitted), or (2) alleging "facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness," *id.* The district court properly concluded that plaintiffs in this case did neither.

As to motive, the only theory plaintiffs offer is that defendants' executive employment contracts, which (in one incarnation, at least) tied three of the defendants' bonuses to a successful sale of GTS's assets, gave defendants an incentive to dismantle the company and sell off its assets, which in turn caused the price of GTS stock to collapse. The theory fails because the agreements in question guaranteed the same bonus in the event of *either* a successful restructuring *or* a sale of GTS's assets. Therefore, while the contracts did not punish defendants for selling GTS's assets instead of restructuring, they gave defendants no more incentive to sell than to restructure.

As to circumstantial evidence of conscious misbehavior or recklessness, the allegations in the complaint are equally insufficient. Plaintiffs correctly point out that, in some circumstances, allegations that defendants knew "facts or [had] access to information contradicting their public statements" may suffice to show recklessness. *Novak v. Kasaks,* 216 F.3d 300, 308 (2d Cir.2000). But, although the complaint here alleges that defendants made misrepresentations, it fails to allege facts clearly indicating that the representations in question were false when made—let alone that the defendants knew, or had reason to know, of their falsity. Accordingly, the statements identified cannot support a strong inference of scienter.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.